UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| | : |
| MARIA A. RANKIN | : |
| XXX-XX-5906 | : |
| | :CHAPTER 13 |
| Debtor. | :CASE NO. 20-14236-AMC |
| | : |
| U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust | : |
| Movant, | : |
| v. | : |
| MARIA A. RANKIN | : Hearing Date: May 17, 2023 @ 11:00 am |
| Debtor, | : |
| And | : |
| SCOTT F. WATERMAN, | : |
| Trustee, | : |
| Respondents. | : |

**STIPULATION RESOLVING MOTION FOR RELIEF
FROM THE AUTOMATIC STAY**

THIS matter being opened to the Court by Emmanuel J. Argentieri of the law office of Romano Garubo & Argentieri, counsel for the secured creditor, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, (hereinafter "Movant"), upon the filing of a motion for relief from stay as to real property, more commonly known as 1 Unity Way, Phoenixville, PA 19460, and Debtor having filed an answer to the motion

through her counsel, Brad J. Sadek, Esquire, and it appearing that the parties have amicably resolved their differences and for good cause shown;

1. Debtor is currently due for the January 1, 2023 through June 1, 2023 post-petition monthly mortgage payments, which are broken down as follows:

> 6 times payment of $3,172.32,
> Less suspense balance of $2,382.14,

along with the reimbursement of Movant's attorney fees totaling $1,050.00, for a grand total of $17,701.78.

2. The sum of $17,701.78 shall be rolled into Debtor's Chapter 13 plan as a secured claim and shall be paid to Movant over the remaining term of Debtor's plan.

3. The Trustee shall adjust his records to reflect the increased amount due to Movant pursuant to this order and pay said increased claim to Movant in normal course.

4. Within (21) days from the entry of this Order, Debtor shall modify her plan to include the aforesaid administrative claim.

5. Withing (21) days from the entry of this Order, Movant shall file a supplemental proof of claim as per paragraph two (2) herein.

6. Commencing with the July 1, 2023 post-petition mortgage payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit payments directly to Movant as same come due.

7. If the case is converted to a Chapter 7, the Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

8. If any of the aforementioned stipulation payments and/or regular monthly mortgage payments commencing after the cure of the post-petition delinquency are more

than thirty (30) days late, Movant may send Debtor a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel for the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the mortgaged property herein.

*The undersigned hereby consent to the form and entry of the within order.*

/s/Emmanuel J. Argentieri
Emmanuel J. Argentieri, Esquire
Attorney for Movant			Date: 6/13/2023


/s/Brad J. Sadek
Brad J. Sadek, Esquire
Attorney for Debtor			Date: 6/16/2023


/s/Ann E. Swartz
Ann E. Swartz, Esquire
For: Scott Waterman
Chapter 13 Trustee			Date: 6/15/2023


AND NOW, this_____day of _____, 2023, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

_____
Honorable Ashely M. Chan
U.S. Bankruptcy Judge
Eastern District of Pennsylvania

*This stipulation consists of three (3) pages*